IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**COLUMBUS STATE COMMUNITY COLLEGE,**
  **Plaintiff,**

v.

**Case No. 2:03-CV-1105**
**JUDGE EDMUND A. SARGUS, JR.**
**Magistrate Judge Norah McCann King**

**JOHN BARRY, et al.,**
  **Defendants.**

## OPINION AND ORDER

Plaintiff commenced this action on November 26, 2003 claiming that Defendant John Barry, as an individual and through various aliases, used the internet domain name of Columbus State Community College illegally. Plaintiff's complaint presents claims for trademark infringement and trademark dilution, pursuant to 15 U.S.C. § 1125(a) and (c); common law trademark infringement; false designation of origin, pursuant to 15 U.S.C. § 1125(a); violation of Ohio trademark law, R.C. §§ 1329.66 and 1329.67; violation of the Ohio deceptive trade practices act, R.C. § 4165.02; cyberpiracy, 15 U.S.C. § 1125(d); and civil conspiracy.

The Defendants failed to move or plead in response to Plaintiff's complaint. On September 2, 2004, the Plaintiff moved for Entry of Default. The Magistrate Judge granted the motion on September 13, 2004 and the Clerk entered default on the same day. (Doc. #12 and #13). The Plaintiff has filed a Motion for Default Judgment, which is presently before the Court for consideration (Doc. #14). Before addressing the merits of the motion, the Court briefly sets forth the facts giving rise to this action.

Plaintiff Columbus State Community College is a well-known college in the Central Ohio area and has been providing education services for nearly forty years. (*Complaint* at ¶ 6). Plaintiff has registered the mark, COLUMBUS STATE COMMUNITY COLLEGE, and related COLUMBUS STATE marks under federal law. Plaintiff also advertises and promotes itself over the internet.

Plaintiff claims that, as early as March 2002, Defendants began to use the internet domain name "www.columbusstatecommunitycollege.com" to redirect visitors to other websites. (*Id.* at ¶ 14). According to Plaintiff, visitors to this site are re-directed to other sites dealing with abortion and pharmaceutical sales. (*Id.* at ¶¶ 17-20). Plaintiff claims that despite its written and oral notice to Defendants of the unauthorized use of Plaintiff's mark, Defendants continue to divert users to other websites. (*Id.* at ¶ 24). Plaintiff alleges that the Defendants' "confusing and counterfeit use of Columbus State's marks and deceptive conduct in redirecting unsuspecting internet searchers to various web-sites has caused Columbus State to suffer damages including injury to its goodwill." (*Id.* at ¶ 27).

## I.

In moving for Default Judgment, the Plaintiff seeks permanent injunctive relief as well as statutory damages. With respect to damages, Plaintiff requests $100,000 pursuant to 15 U.S.C. § 1117(d), which provides:

> (d) Statutory damages for violation of section 1125(d)(1)
> In a case involving a violation of section 1125(d)(1) of this title, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits, an award of statutory damages in the amount of not less than $1,000 and not more than $100,000 per domain name, as

2

the court considers just.

Plaintiff also seeks an award of $250,000 in statutory damages pursuant to 15 U.S.C. § 1117(c)(2) for alleged bad faith and willful use of a counterfeit mark. This section provides:

> (c) Statutory damages for use of counterfeit marks
> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of--
> (1) not less than $500 or more than $100,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c)(2).

Plaintiff claims that a statutory award is justified because Defendant Barry has a history of cybersquatting, as reflected by suits in other jurisdictions[1], and because he has allegedly refused to refrain from use of Plaintiff's mark.

## II.

Fed. R. Civ. P. 55(b) provides for entry of default judgment by the Court. The rule states:

> **(2) By the Court.** In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered

---

[1] In particular, Plaintiff points to *Turner Network Television LP, LLLP v. Domain for Sale, Inc. & John Barry*, 1:02-CV-1094 (N.D. Ga); *Hunter Douglas Window Fashions v. Barry*, 03-CV-418 (D. Co.); *Planned Parenthood v. Fitch, Barry, et al.*, 1:03-CV-05128GEL (S.D. N.Y.); *Compaq Trademark B.V. v. John Barry d/b/a Global Domains*, 1:03-CV-08575DLC (S.D. N.Y.); and *Advance Magazine Publishers, Inc. v. John Barry*, 1:04-CV-01003KMW (S.D. N.Y.).

against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

As stated above, a statutory damage award is justified upon a showing of willful use of a counterfeit mark. Willfulness may be inferred by virtue of a Defendant's default. *Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F.Supp.2d 1213, 1220 (S.D. Fla. 2004), citing *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F.Supp.2d 1310, 1313 (S.D. Fla. 2003). Once willfulness is established, "[d]istrict courts have wide discretion in awarding statutory damages." *Philip Morris USA, Inc. v. Marlboro Express, et al.*, No. CV-03-1161, 2005 WL 2076921 at *6 (E.D. N.Y. Aug. 26, 2005), citing *Cable/Home Communication Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990).

Plaintiff seeks a statutory award of $350,000 for Defendant's willful use of the Plaintiff's mark. Statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure." *Petmed Express, Inc.*, 336 F.Supp.2d at 1219. Accordingly, this Court finds Plaintiff's request for statutory damages appropriate in view of the Defendant's willful conduct and failure to respond to the instant action.

**III.**

In view of the foregoing, the Plaintiff's Motion (**Doc. #14**) is **GRANTED**.

Defendant is hereby **PERMANENTLY ENJOINED** from use of the Plaintiff's mark or any mark that is misleading or confusingly similar to Plaintiff's mark. Plaintiff is awarded **STATUTORY DAMAGES** in the amount of **$350,000.00** against Defendant.

Plaintiff shall submit its request and supporting documentation for attorneys' fees to the Court within **thirty (30) days** of the date of this Order.

**IT IS SO ORDERED.**

9-27-2005
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE